# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 22-1149V

| | | |
|---|---|---|
| TAMMY MUSSELMAN, | * | Chief Special Master Corcoran |
| Petitioner, | * | Filed: October 30, 2024 |
| v. | * | |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | * | |
| Respondent. | * | |

*Brynna Gang*, Kraus Law Group, LLC, Chicago, IL, for Petitioner.

*Ryan P. Miller*, U.S. Dep't of Justice, Washington, DC, for Respondent.

**DECISION GRANTING FINAL AWARD OF ATTORNEY'S FEES AND COSTS**[1]

On August 31, 2022, Tammy Musselman filed a petition seeking compensation under the National Vaccine Injury Compensation Program (the "Vaccine Program").[2] Petitioner alleged that she suffered from a demyelinating neurological condition, with associated transverse myelitis, as a result of her receipt of an influenza vaccine on September 17, 2019. Petition (ECF No. 1). The parties stipulated to settlement of the case, and I issued a decision awarding Petitioner compensation. *See* Decision, dated May 10, 2024 (ECF No. 33).

Petitioner has now filed a motion for a final award of attorney's fees and costs. Motion, dated Oct. 4, 2024 (ECF No. 38) ("Mot."). This is Petitioner's sole such request. Petitioner seeks a total of $45,614.00 (reflecting $43,096.70 in fees, plus $2,517.30 in costs) for the work of

---

[1] Under Vaccine Rule 18(b), each party has fourteen (14) days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public in its present form. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act"). Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

attorneys and paralegals at Kraus Law Group, LLC. Mot. at 1–2. Respondent reacted to the fees request on October 16, 2024. Response, dated Oct. 16, 2024 (ECF No. 39) ("Resp."). Respondent agrees that Petitioner has satisfied the statutory requirements for a fees and costs award, and otherwise defers the calculation of the amount to be awarded to my discretion. Resp. at 2–3. Petitioner did not file a reply.

For the reasons set forth below, I hereby **GRANT** Petitioner's motion, awarding fees and costs in the total amount of **$45,614.00**.

## I.      Calculation of Fees

Because Petitioner's claim was successful, he is entitled to a fees and costs award—although only "reasonable" fees or costs may be awarded in the Program. Determining the appropriate amount of the fees award is a two-part process. The first part involves application of the lodestar method—"multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Avera v. Sec'y of Health & Hum. Servs.*, 515 F.3d 1343, 1347–48 (Fed. Cir. 2008) (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). The second part involves adjusting the lodestar calculation up or down to take relevant factors into consideration. *Id.* at 1348. This standard for calculating a fee award is considered applicable in most cases where a fee award is authorized by federal statute. *Hensely v. Eckerhart*, 461 U.S. 424, 429–37 (1983).

An attorney's reasonable hourly rate is determined by the "forum rule," which bass the proper hourly rate to be awarded on the forum in which the relevant court sits (Washington, D.C., for Vaccine Act cases), *except* where an attorney's work was not performed in the forum and there is a substantial difference in rates (the so-called "*Davis*" exception). *Avera*, 515 F.3d at 1348 (citing *Davis Cty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. U.S. Envtl. Prot. Agency*, 169 F.3d 755, 758 (D.C. Cir. 1999)). A 2015 decision established the hourly rate ranges for attorneys with different levels of experience who are entitled to the forum rate in the Vaccine Program. *See McCulloch v. Sec'y of Health & Hum. Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

Petitioner requests the following rates for his attorney and support staff, based on the years work was performed:

|  | 2020 | 2021 | 2022 | 2023 | 2024 |
|---|---|---|---|---|---|
| **Edward Kraus (Attorney)** | $435.00 | $458.00 | $472.00 | $497.00 | $525.00 |
| **Amy Kraus (Attorney)** | $365.00 | $384.00 | -- | -- | $460.00 |
| **Brynna Gang (Attorney)** | -- | $325.00 | $350.00 | $390.00 | $412.00 |

| | | | | | |
|---|---|---|---|---|---|
| **Joyce Westphal (Paralegal)** | $160.00 | $170.00 | -- | -- | -- |
| **Amanda Ramos (Paralegal)** | $160.00 | -- | $170.00 | $177.00 | $186.00 |
| **Megan Vignocchi (Paralegal)** | -- | -- | $160.00 | -- | -- |

ECF No. 38 at 13–29.

Ms. Gang and the other Kraus Law Group attorneys participating in this case practice in Chicago, IL—a jurisdiction that has been deemed "in forum," and thus entitling them to commensurate rates established in *McCulloch*. *See Piatek v. Sec'y of Health & Hum. Servs.*, No. 16-524V, 2021 WL 5755318, at *3 (Fed. Cl. Spec. Mstr. Sept. 20, 2021). The requested rates are also consistent with what has previously been awarded for their time, in accordance with the Office of Special Masters' fee schedule.[3] *Egan v. Sec'y of Health & Hum. Servs.*, No. 21-1928V, 2024 WL 2130749 (Fed. Cl. Spec. Mstr. Apr. 10, 2024). I thus find no cause to reduce them in this instance. And I award all attorney time devoted to the matter as requested. I shall also award the requested paralegal time at the proposed rates.

## II. Calculation of Attorney's Costs

Just as they are required to establish the reasonableness of requested fees, petitioners must also demonstrate that requested litigation costs are reasonable. *Presault v. United States*, 52 Fed. Cl. 667, 670 (2002): *Perreira v. Sec'y of Dep't of Health & Hum. Servs.*, 27 Fed. Cl. 29, 34 (1992). Reasonable costs include the costs of obtaining medical records and expert time incurred while working on a case. *Fester v. Sec'y of Health & Hum. Servs.*, No. 10-243V, 2013 WL 5367670, at *16 (Fed. Cl. Spec. Mstr. Aug. 27, 2013). When petitioners fail to substantiate a cost item, such as by not providing appropriate documentation to explain the basis for a particular cost, special masters have refrained from paying the cost at issue. *See, e.g.*, *Gardner-Cook v. Sec'y of Health & Hum. Servs.*, No. 99-480V, 2005 WL 6122520, at *4 (Fed. Cl. Spec. Mstr. June 30, 2005).

Petitioner seeks $2,517.30 in outstanding costs, including the filing fee, medical record retrieval costs, and mailing costs. All of these expenses are commonly incurred in the Vaccine Program, and are reasonable herein. Thus, all requested costs shall also be awarded.

## CONCLUSION

Based on the foregoing, and in the exercise of the discretion afforded to me in determining the propriety of a final fees award, I **GRANT** Petitioner's Motion for Attorney's Fees and Costs, and award a total of **$45,614.00**, reflecting $43,096.70 in attorney's fees and $2,517.30 in costs, in the form of a check made jointly payable to Petitioner and her counsel, Brynna Gang.

---

[3] OSM Attorneys' Forum Hourly Rate Fee Schedule, https://www.uscfc.uscourts.gov/node/2914 (last visited Oct. 30, 2024).

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court **SHALL ENTER JUDGMENT** in accordance with the terms of this Decision.[4]

**IT IS SO ORDERED.**

/s/ Brian H. Corcoran
Brian H. Corcoran
Chief Special Master

---

[4] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment if (jointly or separately) they file notices renouncing their right to seek review.